IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
      v.                           )   Crim. No. 07-149-1-SLR
                                   )
NATHAN WEEKS,                      )
                                   )
            Defendant.             )

**MEMORANDUM ORDER**

At Wilmington this ⁴ᵗʰ day of June, 2009, having considered plaintiff's ("the government's") motion in limine to admit evidence of defendant's relationship with a confidential informant ("the CI") and the papers submitted in opposition thereto;

IT IS ORDERED that the government's motion (D.I. 163) is granted for the reasons that follow:

1.  Defendant Nathan Weeks was indicted by a federal grand jury on the following charges:  (1) knowing distribution of 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); (2) knowing possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); (3) knowing possession with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and (4) knowing possession of a firearm by a person prohibited, in violation of 18 U.S.C. §§

922(g)(1) and 924(a)(2).[1]  (D.I. 1)  Defendant's jury trial is scheduled to commence on

June 8, 2009.  The court has jurisdiction pursuant to 18 U.S.C. § 3231.

2.  On April 24, 2009, the government noticed its intention to introduce evidence

("CI evidence") regarding defendant's prior drug relationship with the CI, and

defendant's modus operandi of packing and selling cocaine in Tide-brand detergent

boxes ("Tide boxes").  (D.I. 163)  Specifically, the government seeks to present

evidence from the CI that he served as defendant's cocaine "broker" in the Summer of

2007.  (*Id.* at 2)  As such, the CI was responsible for arranging meetings between

defendant and potential buyers seeking to purchase kilogram quantities of cocaine in

the Dover, Delaware area.  According to the government, the CI will testify that

defendant used a specific modus operandi to deliver cocaine concealed in Tide boxes.

Specifically, the CI will testify that defendant opened Tide boxes, removed some of the

detergent and replaced it with cocaine packaged in plastic  Ziploc bags, generally two

bags containing approximately one kilogram each.  Once the cocaine was secured

inside, defendant glued the Tide box shut.[2]

---

[1]Also charged by the same indictment were Antoine West, Andreus Scarborough and Darnell Morris (collectively, "co-defendants").  (D.I. 1)  After entering guilty pleas to the charges, the co-defendants were sentenced to terms of imprisonment.  (D.I. 130, 131, 139)

[2]Ostensibly, the charges at bar relate to events occurring on or about August 8, 2007, when the CI contacted Dover Police advising them that he had arranged for defendant to sell two kilograms of cocaine to co-defendants.  Video surveillance was established and the CI was fitted with a transmitter recorder, which recorded conversations contemporaneously.  After co-defendants arrived and paid the CI for the cocaine, the CI waked over and got into a vehicle parked in the parking lot. Defendant was inside the parked vehicle.  The CI gave defendant the money and, in exchange, received a Tide box.  The CI returned to co-defendants' vehicle and gave them the Tide box.  Dover Police officers immediately converged on the vehicile and arrested the co-

3.  The government argues that the CI evidence is admissible as intrinsic evidence relating to defendant's drug possession and distribution offenses.  This evidence, the government argues, does not qualify as "other acts" evidence under Federal Rule of Evidence 404(b), but instead constitutes intrinsic evidence relating to defendant's drug trafficking offenses.  Alternately, the government contends that, under a Rule 404(b) analysis, the CI evidence is admissible to demonstrate:  (1) defendant's knowledge and intent to engage in drug trafficking; (2) that there was no mistake or accident that defendant distributed cocaine on the date(s) in issue and that defendant operated a cocaine operation out of his two personal storage units; and (3) that defendant trafficked in cocaine using a unique modus operandi.

4.  Defendant counters that the CI evidence is highly prejudicial and unfairly elevates the status of the CI from a "snitch" to a "broker." (D.I. 169)  The CI evidence, asserts defendant, is inadmissible under Rule 404(b) because it is offered only to prove character and conduct.  Alternatively, if the CI evidence is admitted, defendant requests a limiting instruction for the jury.

5.  Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  When evaluating whether to admit evidence under 404(b), four factors must be considered:  (1) the other crimes evidence must have a proper purpose; (2) the other evidence must be relevant; (3) its probative value must outweigh its potential for

---

defendants.  Subsequently, search warrants executed on two personal storage units leased by defendant revealed Tide boxes, a half kilogram of cocaine, drug paraphernalia, including an iron, razor, glue containers, baggies, that the government claims support the CI's description of defendant's drug trafficking business.

3

unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted. *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003). The burden is on the proponent of the evidence to clearly show "how that evidence fits into a chain of logical inferences without adverting to a mere propensity to commit a crime now based on the commission of crime then." *United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003); *United States v. Morena*, 547 F.3d 191, 194 (3d Cir. 2008). Admissible evidence under Rule 404(b) must also be relevant under Rule 401[3] and not otherwise excludable for any of the considerations enumerated in Rule 403.[4]

6. Rule 404(b) does not apply, however, to those acts that are intrinsic to the charged offense. *United States v. Cross*, 308 F.3d 308, 320 (3d Cir. 2002). Although "most circuit courts view evidence as intrinsic if it is 'inextricably intertwined' with the charged offense or if it 'completes the story' of the charged offense," the Third Circuit considers acts as intrinsic only "when they directly prove the charged [offense]." *Cross*, 308 F.3d at 320; *United States v. Hoffecker*, 530 F.3d 137, 189 (3d Cir. 2008) ("Rule 404(b) does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense.").

---

[3]Rule 401 provides, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[4]Rule 403 provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

7. The court finds that the CI evidence that details the events occurring on or about August 8, 2007, is admissible as intrinsic evidence to directly prove the charges at bar. *United States v. Smith,* 282 Fed. Appx. 143, 148 (3d Cir. 2008).

8. With respect to the CI evidence regarding defendant's prior drug relationship with the CI and defendant's modus operandi of packing and selling cocaine in Tide boxes, the court finds this evidence admissible under Rule 404(b).

a. Specifically, the CI evidence concerning their prior relationship supports the inference that defendant had the opportunity and intent to distribute cocaine to Delaware buyers and intended to do so in the parking lot on the date implicated in the indictment. The CI evidence also supports the inference that defendant knew that the Tide box he gave to the CI contained cocaine and that the Tide boxes, as well as the related drug paraphernalia found in his storage units, would be used to conceal cocaine for drug trafficking purposes. *See United States v. Boone,* 279 F.3d 163 (3d Cir. 2002) (Third Circuit upholding admission of evidence of defendant's prior drug trafficking).

b. Similarly, the CI evidence suggests that there was no mistake or accident that the Tide box containing cocaine was found in the parking lot or that Tide boxes and drug paraphernalia were discovered in the defendant's storage units. The CI evidence also supports an inference that defendant was engaged in a drug trafficking business.

c. The CI evidence describing the unusual modus operandi employed by defendant supports the inference that defendant employed the same distinct method of

5

concealing and selling cocaine on the date at issue. *United States v. Mathis*, 264 F.3d 321, 329 (3d Cir. 2001).

        d. Further weighing the CI evidence under Rules 401 and 403, the court finds the evidence relevant, not unduly prejudicial and its probative value outweighs its prejudical effect. To that end, Third Circuit Model Jury Instruction 2.23 will be read to the jury before the CI's testimony and during final instructions.

 

                                                              _____
                                                  United States/District Judge